UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21160
Summary Calendar

_____


BENNETH OKPALA,

                                        Plaintiff-Appellant,

versus

CITY OF HOUSTON,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
Civil Docket No.: H-00-2090

_____

October 26, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        The court has carefully considered this appeal in light

of the briefs and pertinent parts of the record.  Appellant Okpala

contends that he is entitled to a reversal of the district court's

grant of summary judgment in favor of the City of Houston on his

Title VII retaliation claim.  We disagree, for two reasons.  Either

_____

        [*]      Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

reason alone suffices as a basis for affirming the judgment of the district court.

First, Okpala failed to make out a prima facie case of retaliation under Title VII. Such a prima facie case has three elements: (1) that the plaintiff engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action. See, e.g., Evans v. City of Houston, 246 F.3d 344, 352 (5th Cir. 2001). Okpala failed to adduce adequate evidence as to the third of these elements.

Okpala argues that because he is clearly better qualified than the successful applicants for the positions that he sought, the only reason why the City chose to promote or hire those applicants rather than him must be retaliation. At the least (he would say), he has produced sufficient evidence of this possibility to withstand summary judgment. We are entirely unpersuaded by this argument. Okpala has produced some evidence tending to show that he is better qualified than those applicants, but he has produced no evidence that would show (even if a trier of fact believed it in its entirety) that the City's decision to choose them for the positions instead of him is so inexplicable that the decision was motivated by a desire to retaliate for his protected activity. The City produced evidence tending to show that the candidates it chose were also qualified, and that Okpala may not have been as qualified

as they. Although the City may have been mistaken in its judgment, we agree with the district court that the City's employment decisions were not so wildly unreasonable as to allow a trier of fact to conclude that a causal link existed between Okpala's protected activities and these employment decisions. "This Court affords a high degree of deference to employers in their hiring and promotion decisions. In order to be probative on the issue of retaliation, 'the qualifications [must be] so widely disparate that no reasonable employer would have made the same decision.'" Rios v. Rossotti, 252 F.3d 375, 380 (5th Cir. 2001) (brackets in original) (citation omitted). Although we do not deny that Okpala is a gifted and accomplished individual, we cannot conclude that the disparities between his qualifications and those of the successful applicants meet this demanding legal standard.

Second, even if Okpala made out a prima facie case under Title VII, the City adduced evidence of a non-discriminatory reason for its employment decisions sufficient to shift the burden to Okpala to prove that the City's reason was a pretext for retaliation. See Rios, 252 F.3d at 380; Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1093 (5th Cir. 1995). Okpala has not produced evidence of pretext sufficient to withstand summary judgment. The City's non-discriminatory reason for its decisions is that the City believed that someone other than Okpala was a better candidate for each of the positions that he did not get. As

3

we have said, the City may have been wrong in its belief; even if this was true, it would not suffice to allow a trier of fact to conclude that the City's belief amounts to a pretext. Okpala has not adduced enough evidence to permit a trier of fact to find that the adverse employment actions of which Okpala complains would not have occurred but for his protected activities. See Rios, 252 F.3d at 380.

Okpala also argues, or appears to argue, that the City's hiring procedures were plagued by so many irregularities as to allow an inference of retaliation. We agree with the district court that inefficiency and bureaucracy are just as plausible causes of such irregularities as is a desire to retaliate against Okpala for the exercise of his rights. Okpala's evidence of inconsistencies and irregularities cannot prove a causal link between his protected activity and the City's decisions not to promote him. Nor can it prove pretext.

We note that the briefing in this case was inadequate.[1] One example: the City failed to include page references in its case citations in a number of instances in which page references would plainly have been helpful. Appellee's Br. at 11, 13, 14, 15. Perhaps that is because the cases cited do not stand for the

---

[1] Because the district court did not give a written explanation of its decision to grant summary judgment in favor of the City, good briefing would have been even more helpful in this case than it normally is.

4

propositions for which the City cites them (indeed, this seems to be true of one or more of the cases); but in that event, it would be better not to have cited the cases in the first place. To require the reader to search the cases in vain does the City no good.

Another example is much more serious. In at least one instance, Okpala flatly misrepresented a statement made by the district court. On page 12 of his brief, Okpala states that "[t]he City's promotion of Mr. Clint Herbert [sic] over Mr. Okpala was so obviously discriminatory and fraught with so much [sic] irregularities, that even the District Court had to acknowledged [sic] it in its rulings." He follows this assertion by citing page 4 of the transcript of the district court's hearing of December 8, 2000 (R. Doc. 39). The page cited contains an acknowledgment that the City's promotion processes contained irregularities. But nowhere on that page or, to our knowledge, in the record did the district court "acknowledge" that the decision to promote Mr. Harbert (or anyone else) was "discriminatory," let alone that it was "obviously" discriminatory. Indeed, the transcript of the hearing makes clear that the district court concluded that Okpala had failed to produce evidence showing that any of its decisions was "discriminatory" or otherwise unlawful. See, e.g., Dec. 8, 2000, Hearing Tr. at 2-3 ("There is nothing manifest in this now thorough record that suggests that the City of Houston did anything

5

other than evaluate people who had come to its attention by application or by exposure for the positions, and chosen one among several qualified people."). Okpala's contention is a naked falsehood. We fail to imagine how Okpala's counsel advances his client's case by making demonstrably false assertions of this sort.

The judgment is **AFFIRMED**.

6